**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTTINE ANDERSON,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-06-1734** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JONATHAN C. MINOR, et al.** | : | |
| | : | |
| **Respondents.** | : | |

**MEMORANDUM AND ORDER**

**I.      Introduction**

　　　　Petitioner, Anttine Anderson, an inmate at the United States Penitentiary in Allenwood,

Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,

challenging his conviction in the United States District Court for the Western District of

Virginia.  Petitioner was sentenced to 135 months imprisonment after pleading guilty to one

count of conspiring to distribute and possess fifty (50) grams of crack cocaine with intent to

distribute, in violation of 21 U.S.C. §§ 841, 846.  This Court has jurisdiction to entertain a

habeas corpus petition under 28 U.S.C. § 2241.  However, since Petitioner has failed to show

that the procedure under 28 U.S.C. § 2255 for making a collateral challenge to the validity of a

federal conviction or sentence is inadequate or ineffective in the circumstances presented here,

his § 2241 petition will be denied for lack of jurisdiction.

**II.      Background**

　　　　On May 10, 2005, Petitioner entered into a negotiated plea agreement in which he pled

guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of

fifty (50) grams of mixture and substance containing cocaine base, otherwise known as crack

cocaine, in violation of 21 U.S.C. §§ 846 and 841.  (See Plea Agreement, Doc. 6 at 5-14.)  On

March 23, 2006, the United States District Court for the Western District of Virginia sentenced

Petitioner to 135 months incarceration on that count.

In his petition, Petitioner claims that the judgment and conviction of the district court is

invalid pursuant to 28 U.S.C. § 2241(c)(2)[1] because the judgment itself failed to cite specific

statutory authority authorizing his sentence and failed to indicate the specific drug quantity of

fifty (50) grams of cocaine base.  Petitioner acknowledges that he did not pursue a direct appeal

under 28 U.S.C. § 2255.  However, Petitioner asserts that because he voluntarily waived his right

to an appeal under § 2255 in his plea agreement, (see Plea Agreement, Doc. 6 at 9), any remedy

under § 2255 has been rendered inadequate and ineffective.

Respondents have filed a timely response to the petition.  The relevant time has passed

and Petitioner has neither filed a reply nor requested an extension of time in which to do so; thus,

the petition is ripe for consideration.

## III.   <u>Discussion</u>

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their

confinement" is a § 2255 motion.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A

challenge to the validity of a conviction or to a sentence must be brought in such a motion.  See

United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I.

---

[1] 28 U.S.C. § 2241(c)(2) states:

(c) The writ of habeas corpus shall not extend to a prisoner unless - -
* * *
      (2) He is in custody for an act done or omitted in pursuance of an Act of
Congress, or an order, process, judgment or decree of a court of judge of the United
States.

2

Allenwood, 110 F.Supp. 2d 350, 352 (M.D. Pa. 2000).  The motion is filed in the district court

where the defendant was convicted and sentenced.  See 28 U.S.C. § 2255 ¶ 5 (the motion must

be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under §

2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255

¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  The inadequacy or

ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding

from affording . . . a full hearing and adjudication of [a] wrongful detention claim."  Okereke v.

United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536,

538 (3d Cir. 2002) (per curiam)).  "It is the inefficacy of the remedy, not the personal inability to

utilize it, that is determinative."  Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722,

727 (D.C. Cir. 1986)).  Hence, "[s]ection 2255 is not inadequate or ineffective merely because

the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."

Cradle, 290 F.3d at 539.  If a petitioner improperly challenges a federal conviction or sentence

under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of

Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner is challenging the validity of his conviction, so he should have filed a §

2255 motion in the Western District of Virginia.  However, as previously noted, Petitioner

asserts that he did not submit a timely § 2255 motion with the sentencing court because of his

voluntary waiver of his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.

The fact that Petitioner may have voluntarily waived the right to bring a § 2255 motion does not

mean that the remedy itself is inadequate or insufficient.  Rather, Petitioner has demonstrated only his personal inability to employ that remedy.  The legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this matter in this court.

Further, Petitioner's claim does not fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief would be available.  In Dorsainvil, the Third Circuit Court of Appeals held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.  Dorsainvil, 119 F.3d at 251.  Petitioner has not alleged a change in substantive law has made him innocent of the federal charges against him.  Therefore, § 2241 relief is not an available remedial device for him.

**IV.    Conclusion**

Based on the foregoing discussion, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

**V.    Order**

4

**AND NOW**, this 2nd  day of March, 2007, it is hereby **ORDERED** that:

1.      The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

2.      The Clerk of Court is directed to **CLOSE** this case.

3.      Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.


                                        s/ Yvette Kane
                                        YVETTE KANE, Chief Judge
                                        United States District Court